**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON                        :
Plaintiff,                             :
                                       :      CIVIL ACTION NO. 3:09-cv-0269
                v.                     :
                                       :
JOHN W. KERESTES, et al.,              :      (JUDGE CAPUTO)
Defendants.                            :      (MAGISTRATE JUDGE SMYSER )

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") of December 15, 2009 (Doc. 102) and Plaintiff's Objections and Brief in Support to the Magistrate Judge's R&R (Docs. 103-104). Also before the Court is Plaintiff's Appeal of the Magistrate Judge's Order of November 10, 2009. (Doc. 101.) Magistrate Judge Smyser recommended that Plaintiff's case be dismissed for failure to pay the filing fee, and that all other pending motions be denied as moot. This Court will adopt Judge Smyser's R & R because the Plaintiff has failed to comply with Magistrate Judge Smyser's Order of November 10, 2009, requiring Plaintiff to pay the $350.00 filing fee within thirty (30) days.

## BACKGROUND

On February 10, 2009, Plaintiff filed a Complaint and Motion for Leave to Proceed in Forma Pauperis ("IFP Motion"). (Docs. 1-2.) Magistrate Judge Smyser granted the IFP Motion on February 18, 2009. (Doc. 8.) The Plaintiff filed his Amended Complaint on July 17, 2009. (Doc. 30.)

On August 10, 2009, Defendants filed a Joint Motion to Revoke Plaintiff's IFP Status. (Doc. 44.) On November 10, 2009, Magistrate Judge Smyser issued an Order 1) granting Defendants' Motion to Revoke Plaintiff's IFP Status, 2) vacating the February 18, 2009 Order granting IFP status to Plaintiff, 3) ordering Plaintiff to pay the full $350.00 filing fee within thirty

(30) days, lest his case be recommended for dismissal, 4) staying proceedings until Plaintiff paid the filing fee, and 5) denying Plaintiff's motion to strike the statement of Defendant Arias. (Doc. 100.) On November 20, 2009, Plaintiff filed an appeal of this judgment. (Doc. 101.)

On December 15, 2009, Magistrate Judge Smyser recommended that Plaintiff's case be dismissed for failing to pay the requisite filing fee and that all other pending motions be denied as moot. (Doc. 102.) On December 23, 2009, Plaintiff filed Objections and a Brief in Support. (Docs. 103-104.)  Plaintiff's Objections raise the following issues: 1) Defendant Arias' Declaration is self-serving and that the Magistrate Judge improperly made a credibility determination in revoking IFP status, 2) that Plaintiff is being denied access to his medical records that would show he is imminent danger, 3) that the record produced by Arias and relied upon by Magistrate Judge Smyser are not authentic, and 4) that various medical examinations and appointments have yet to occur or did not occur until dates that apparently prove imminent danger. Notably absent is any objection to the actual recommendation made by Magistrate Judge Smyer, namely that the case be dismissed for failure to pay the filing fee; instead, Plaintiff seemingly attacks the November 10, 2009 Order revoking his IFP status. No response to these Objections was filed.

## **STANDARD OF REVIEW**

### I.      **Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both

timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## II. Appeal From Magistrate Judge's Order

Under Local Rule 72.2, a party may appeal from a magistrate judge's non-dispositive pre-trial motion within ten (10) days of the order. At the time the appeal is filed, the appellant must also file a brief in support that addresses the specific issue raised on appeal. A judge of the court must consider the appeal and set aside any portion of the magistrate judge's order that is "clearly erroneous or contrary to law." The judge may also reconsider any matter determined by the magistrate judge *sua sponte* under Local Rule 72.2.

## DISCUSSION

## I. Federal Rule Of Civil Procedure 41

Although the R & R does not expressly state the grounds for dismissal of Plaintiff's case, we assume that Magistrate Judge Smyser's recommendation is based on Federal Rule

of Civil Procedure 41, which authorizes dismissal for failure to comply with a court order. This inference is predicated on the fact that Plaintiff failed to comply with Magistrate Judge Smyser's Order that he pay the filing fee within thirty (30) days.

The Third Circuit Court of Appeals has adopted a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate without an analysis of the merits. *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id*. at 868. All six factors need not weigh in favor of dismissal in order for a court to dismiss a case without a merits analysis. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir.1988).

Applying these factors to the instant case, dismissal is warranted. As a *pro se* plaintiff, Mr. Bronson is solely responsible for the failure to comply with Magistrate Judge Smyser's Order. Furthermore, because the Plaintiff is a prisoner who may lack the funds for the filing fee, other sanctions, such as monetary sanctions, are likely to have little impact. There is no prejudice to Defendants caused by Plaintiff's failure to pay the filing fee. Plaintiff has not been dilatory in pursuing this action. Also, there is no proof that Plaintiff is acting in bad faith. Most importantly, however, Plaintiff's claims seem to lack merit. Many of the retaliatory actions alleged are against unnamed medical personnel. Plaintiff fails to allege actual knowledge of substantial harm that would rise to the level of deliberate indifference, and many of the allegations are the type of conclusory allegations that would not survive a motion to dismiss.

4

Because the *Poulis* factors weigh against Plaintiff, this Court will adopt Magistrate Judge Smyser's recommendation and dismiss this case pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**II.     Appeal of Magistrate Judge Smyser's Order**

Although Plaintiff failed to file a brief in support along with his appeal, this Court will discuss the issue raised on appeal. Pursuant to 28 U.S.C. § 1915(g), "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [regarding IFP status] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Third Circuit Court of Appeals has held that when a Plaintiff's claim of the "imminent danger" exception to §1915(g) is challenged, a determination must be made regarding the credibility of Plaintiff's imminent danger claim. *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997). "In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing." *Id.* at 86-87.  If the defendant disproves the charge that the plaintiff was placed in imminent danger, the plaintiff will have failed to satisfy the §1915(g) threshold and is required to pay the standard filing fee. *Id.* at 86

Plaintiff admitted in his IFP application that he has previously filed three or more claims in a United States Court that were dismissed as frivolous, malicious, or for failure to state a

5

claim on which relief can be granted. (Doc. 2.) His claim that he was in imminent danger at the time his complaint was filed was challenged by Defendants in their Joint Motion to Revoke Plaintiff's IFP Status. (Doc. 44.) Defendants submitted medical records and a Declaration from Defendant Dr. Arias. (Doc. 59, Exs. A-B.) Plaintiff also filed a Declaration and a Brief in Opposition to Defendants' Motion. (Docs. 74-75.)

Magistrate Judge Smyser weighed the credibility of this evidence and determined that Plaintiff was not in imminent danger at the time his Complaint was filed; this was the proper and appropriate course of action under Third Circuit precedent. This Court does not find that Magistrate Judge Smyser's ruling on this matter was clearly erroneous or contrary to law. There was sufficient evidence on the record to support Magistrate Judge Smyser's ruling that Defendant was not in imminent danger at the time he filed his Complaint, and the procedural course undertaken was entirely appropriate. As such, Magistrate Judge Smyser's November 10, 2009 Order revoking Plaintiff's IFP status is affirmed.

### III.    Other Pending Motions

This case has several pending motions: Plaintiff's Motion to Compel Discovery (Doc. 22), Plaintiff's Motion for a Preliminary Injunction (Doc. 31), Plaintiff's Motion for Summary Judgment (Doc. 34), a second Motion for Preliminary Injunction filed by Plaintiff (Doc. 35), Motion to Dismiss filed by Defendants Bevin, O'Brien, A. Batdorf, and D. Ambrister (Doc. 38), Motion to Dismiss filed by Defendants R. Yarnell, G. Clements, R.J. Collins, B. Keller, R. Sobina, A. Chipriano, T.I. Mark, Martin, John W. Kerestes, Brenda L. Tritt, Thomas Derfler, Sharon Luquis, M.L. Adams, M. Cerullo, and B.E. Mason (Doc. 39), Plaintiff's Motion for Sanctions (Doc. 69), Plaintiff's Motion for Contempt (Doc. 79), Plaintiff's Motion to Strike (Doc. 80), Motion to Dismiss filed by Defendants Arias, Iannuzzi, Lisik, Machak, and Mekilo

(Doc. 83), and Motion to Dismiss by Defendants Chesla and Malick (Doc. 96). Magistrate Judge Smyser recommended all these motions be denied as moot. Because this Court is dismissing the case as a whole for failure to pay the filing fee and failure to comply with a court order, Magistrate Judge Smyser's recommendation that these motions be denied as moot will also be adpoted.

## CONCLUSION

As the Court has found that this case should be dismissed, it will adopt Magistrate Judge Smyser's Report and Recommendation. An appropriate Order follows.

January 25, 2010                /s/ A. Richard Caputo
Date                                 A. Richard Caputo
                                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON                    :
                                   :
Plaintiff,                         :        CIVIL ACTION NO. 3:09-cv-0269
                                   :
          v.                       :
                                   :
JOHN W. KERESTES, et al.,          :        (JUDGE CAPUTO)
                                   :
Defendants.`                       :        (MAGISTRATE JUDGE SMYSER)

## ORDER

**NOW**, this  25th  day of January, 2009, after consideration of Magistrate Judge Smyser's Report and Recommendation recommending that Plaintiff's case be dismissed, and of Defendants' objections to the Magistrate Judge's Report and Recommendation,  **it is hereby ORDERED** that:

1.    Petitioner's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2.    The Report and Recommendation is **ADOPTED**.

3.    Plaintiff's case is **DISMISSED without prejudice**.

4.    Magistrate Judge Smyser's November 10, 2009 Order is **AFFIRMED**.

5.    The following motions are **DENIED as moot**: Plaintiff's Motion to Compel Discovery (Doc. 22), Plaintiff's Motion for a Preliminary Injunction (Doc. 31), Plaintiff's Motion for Summary Judgment (Doc. 34), Motion for Preliminary Injunction filed by Plaintiff (Doc. 35), Motion to Dismiss filed by Defendants Bevin, O'Brien, A. Batdorf, and D. Ambrister (Doc. 38), Motion to Dismiss filed by Defendants R. Yarnell, G. Clements, R.J. Collins, B. Keller, R.

Sobina, A. Chipriano, T.I. Mark, Martin, John W. Kerestes, Brenda L. Tritt, Thomas Derfler, Sharon Luquis, M.L. Adams, M. Cerullo, and B.E. Mason (Doc. 39), Plaintiff's Motion for Sanctions (Doc. 69), Plaintiff's Motion for Contempt (Doc. 79), Plaintiff's Motion to Strike (Doc. 80), Motion to Dismiss filed by Defendants Arias, Iannuzzi, Lisik, Machak, and Mekilo (Doc. 83), and Motion to Dismiss by Defendants Chesla and Malick (Doc. 96).

6. The Clerk of the Court is to mark the matter in this Court **CLOSED**.


 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge