# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PURCELL BRONSON              :
                             :
Plaintiff,                   :   CIVIL ACTION NO. 3:09-cv-0269
                             :
        v.                   :
                             :
JOHN W. KERESTES, et al.,    :   (JUDGE CAPUTO)
                             :
Defendants.                  :   (MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Reconsideration of this Court's January 25, 2010 Memorandum and Order. For the reasons more full discussed below, Plaintiff's Motion will be denied.

## BACKGROUND

On February 10, 2009, Plaintiff filed a Complaint and Motion for Leave to Proceed in Forma Pauperis ("IFP Motion"). (Docs. 1-2.) Magistrate Judge Smyser granted the IFP Motion on February 18, 2009. (Doc. 8.)

On August 10, 2009, Defendants filed a Joint Motion to Revoke Plaintiff's IFP Status. (Doc. 44.) On November 10, 2009, Magistrate Judge Smyser issued an Order 1) granting Defendants' Motion to Revoke Plaintiff's IFP Status, 2) vacating the February 18, 2009 Order granting IFP status to Plaintiff, 3) ordering Plaintiff to pay the full $350.00 filing fee within thirty (30) days, lest his case be recommended for dismissal, 4) staying proceedings until Plaintiff paid the filing fee, and 5) denying Plaintiff's motion to strike the statement of Defendant Arias. (Doc. 100.) On November 20, 2009, Plaintiff filed an appeal of this judgment. (Doc. 101.)

On December 15, 2009, Magistrate Judge Smyser recommended that Plaintiff's case be dismissed for failing to pay the requisite filing fee and that all other pending motions be

denied as moot. (Doc. 102.) On December 23, 2009, Plaintiff filed Objections to the R&R and a brief in support. (Docs. 103-104.) On January 25, 2010, this Court adopted Magistrate Judge Smyer's R&R and dismissed Plaintiff's case. Plaintiff filed a Motion for Reconsideration and brief in support on February 4, 2010. (Doc. 106-107.) No brief in opposition was filed to the instant motion. Therefore, this motion will be treated as unopposed pursuant to Local Rule 7.6 and is ripe for disposition.

**STANDARD OF REVIEW**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).

The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Plaintiff's Motion for Reconsideration does not argue that there has been an intervening change in controlling law, or that he is privy to newly discovered evidence that was not available at the time this Court issued its January 25, 2010 opinion. Instead, he argues that this Court committed a clear error of law in adopting the Magistrate Judge's R&R. In adopting the R&R, this Court held that Petitioner's case would be dismissed for failure to pay the mandatory filing fee because he had previously filed three (3) *in forma pauperis* applications that had been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and had not proven that he met the imminent danger of serious physical injury exception.

In his brief in support, the Plaintiff argues that he has provided sufficient evidence to meet the imminent danger of serious physical injury exception. This argument was considered and disposed of in this Court's previous opinion. Plaintiff has cited no caselaw that shows that the method relied upon by Magistrate Judge Smyser or this Court to come to this conclusion was a clear error of law. As such, the Motion for Reconsideration will be denied.

## CONCLUSION

For the reasons detailed above, the Court will deny Plaintiff's Motion for Reconsideration (Doc. 106). An appropriate order follows.

| | |
|---|---|
| May 14, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PURCELL BRONSON | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:09-cv-0269 |
| | : | |
| v. | : | |
| | : | |
| JOHN W. KERESTES, et al., | : | (JUDGE CAPUTO) |
| | : | |
| Defendants. | : | (MAGISTRATE JUDGE SMYSER) |

## **ORDER**

Now, this 14th day of May, 2010, it is **HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 106) is **DENIED**.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge